SCOTT v. TOWN OF NORTH SALEM et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. NEW TRIAL (§ 4*)—ENTERING JUDGMENT—EFFECT.

Where a judgment was entered pending the determination of the motion for a new trial, it did not deprive the court of its power to grant a new trial, which, being granted, required the vacation of the judgment.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 6; Dec. § 4.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. HIGHWAYS (§ 208\*)—DEFECTS IN—ACTION FOR INJURIES—COMPLAINT—SUF-FICIENCY.**

    Laws 1898, c. 115, § 12, as amended by Laws 1901, c. 464, § 1, provides that after a highway is constructed by the engineer, and after payment, the engineer shall inform the board of supervisors to accept the highway, which notice shall be filed with the clerk of the county, and 20 days thereafter the highway shall be deemed accepted and the board shall maintain it as a county road. The complaint in an action against a town for injuries to a horse and wagon from the defective condition of a public highway alleged negligence of the highway commissioner of the town, and that the highway was in process of improvement by the state under chapter 115 as amended, but did not allege that, before the accident, it had been accepted by the supervisors, and was under the care of the commissioner of highways of defendant town. *Held*, that the town could not be held liable for the negligence of its highway commissioners unless at the time of the accident some duty was imposed upon them by law; and, as no duty devolved upon them until the supervisors had accepted it as a county road, the complaint did not state a cause of action.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 522–525; Dec Dig. § 208.\*]

Appeal from Westchester County Court.

Action by Hiram K. Scott, Jr., against the Town of North Salem and others. From an order denying a motion to vacate an order granting a new trial, and from an order granting a new trial, the Town of North Salem appeals. Reversed, and motion to vacate granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Frank L. Young, for appellant.

John R. Bushong (William R. Condit and Charles Everett Moore, on the brief), for respondent Scott.

CARR, J. The plaintiff has brought this action against the town of North Salem and the other defendants above named to recover damages for injuries to his horse and wagon alleged to have been caused by the defective condition of a public highway. The cause of action arose on December 17, 1905. When the action came on for trial at the County Court in Westchester county on November 11, 1908, and after a jury was sworn, the defendant the town of North Salem moved for a dismissal of the complaint on the ground that it failed to state a cause of action against the town. The motion was granted, and a judgment was subsequently entered dismissing the complaint as against the town of North Salem, with costs. The trial, however, continued against the other parties, and during its course a motion was made by the other parties for a dismissal of the complaint as against them, which was likewise granted. Thereupon the court entertained a motion by the plaintiff for a new trial, and on said motion heard all the defendants. Subsequently the court granted a motion for a new trial as against the town of North Salem, and denied it as against the other defendants. The town of North Salem thereupon moved to vacate the order granting a new trial so far as it was concerned. From an order denying this motion to vacate, the town now appeals to this court.

It is insisted by the appellant that the order of the County Court granting a new trial was irregular after the entry of a judgment dismissing the complaint, and that the only remedy left to the plaintiff on the entry of said judgment was to appeal therefrom. The mere fact that judgment was entered pending the determination of the motion for a new trial did not deprive the court of its power to grant a new trial. The new trial being granted, the necessary result was to require the vacation of the judgment as a matter of necessary form. We cannot see in the practice below any irregularity which would require a reversal of the order there made.

There is, however, a serious question raised by the appellant as to the sufficiency of the complaint to state a cause of action against the town of North Salem. The negligence set forth is that of the highway commissioner of the town, but there is no appropriate allegation that the highway in question was at the time of the accident within the jurisdiction of the town or its highway commissioner. The plaintiff has pleaded specifically that at the time of the accident the highway was in process of improvement by the state under chapter 115 of the Laws of 1898, as amended by Laws 1901, c. 464. Whenever the state undertook to make an improvement under this statute, the control of the highway passed out of the town until the improvement was completed, and accepted, in the manner provided by the statute. During the improvement the highway was under the control of the state engineer and the contractors who are doing the work. Section 12 of the statute, as amended by chapter 464, § 1, Laws 1901, which was in force at the time of the happening of the accident in question, regulated the circumstances under which the commissioners of highways should undertake the care and management of a highway improved under that statute. After the work was completed under the contract with the state, it became the duty of the state engineer to notify the supervisors of the county of the completion of the work, and to call upon them to accept the highway. After the acceptance of the highway by the board of supervisors, the statute provides that it should be maintained as "a county road," and the "commissioners of highways of the town or towns respectively wherein such improved highways lie shall care for and keep the same in repair, under the direction and supervision of the state engineer and surveyor and such rules and regulations as he may prescribe."

There is no allegation whatever in the complaint that this road after its improvement under the act of 1898 had been before the time of the accident accepted by the supervisors, and under the care and management of the commissioners of highways of the defendant town. The liability of the town is wholly statutory, and it could not be held answerable for the negligence of its highway commissioners, unless, at the time of the accident, some duty was imposed upon them by law in relation thereto. But the duty to care for this highway did not devolve upon the highway commissioners until after the state had surrendered control thereof in the manner provided by the statute, and the supervisors had accepted it as "a county road." Under the circumstances, we think that the complaint does not state a cause of action against the

defendant town, and that the earlier decision of the County Court dismissing it as against the defendant was correct.

It was error, therefore, to grant the motion for a new trial, and the order appealed from should be reversed, with costs, and motion to vacate granted, with $10 costs. All concur.