MARY T. FARRELL, Respondent, *v.* TOWN OF NORTH SALEM, Appellant, Impleaded with Others.

Highways — towns — negligence — a town and its highway commissioners are not liable for injuries occurring on a road being improved or graded by the state, until after it has been accepted by the state.

1. Under the statute (L. 1898, ch. 115, § 12, now § 134 of the Highway Law; Cons. Laws, ch. 25) a highway constructed or improved by the state shall not be turned over to the supervision of the local authorities until after the state engineer has accepted the same and notified the board of supervisors that his duties in regard thereto have been finished, and, consequently, a town and its highway commissioners do not resume their jurisdiction or reassume their liability as to a highway and approaches which were being built or graded by the state until after acceptance thereof by the state.

2. The plaintiff sustained injuries by being thrown from a carriage caused, as alleged, by reason of the defective condition of a highway of the defendant town. The place where the accident occurred was an approach to a highway and, with the highway, was being improved by contractors employed by the state who are liable to the state, under the contract, for any failure in the performance of the work and for any negligence or default resulting in actionable injuries to third persons. The plaintiff brought this action against both the town and the contractors. It appears that the work was not completed and had not been accepted by the state or turned over to the town by the state engineer at the time of the injury to plaintiff. A motion to dismiss the complaint as to the contractors was granted, and the trial proceeded to judgment against

the town. *Held*, that the complaint discloses a state of facts which absolves the defendant town from liability, and that the refusal of the trial court to dismiss the complaint constitutes error for which the judgment should be reversed.

3. The trial court was requested to charge: "that if the contract for the construction of the road, including the approach where the accident occurred, had not been fully completed and the road accepted by the proper State authorities having the power to do so, then the defendant, the Town of North Salem, is not liable for the accident alleged to have occurred," and also, "that if the State Road had not been accepted, the Town of North Salem and the Commissioner of Highways had no duty to perform as to its maintenance and care." *Held*, that both of these requests should have been charged, and the exceptions taken to the refusals are fatal to the judgment.

*Farrell* v. *Town of North Salem*, 139 App. Div. 164, reversed.

(Argued May 9, 1912; decided May 24, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 12, 1910, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank L. Young* for appellant. The trial court erred in refusing to charge as requested by the appellant, and also in that portion of the charge to which exception was taken by the appellant. (*Scott* v. *Town of North Salem*, 138 App. Div. 25.)

*William R. Condit* and *John R. Bushong* for respondent. The complaint states a cause of action against the town of North Salem. (*Hirsch* v. *N. E. Nav. Co.*, 200 N. Y. 263; *City of New York* v. *Corn*, 133 App. Div. 4; *Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Town of Conewango* v. *Shaw*, 31 App. Div. 354; *Maxim* v. *Town of Champion*, 50 Hun, 88; 119 N. Y. 626; *Whitlock* v. *Town of Brighton*, 2 App. Div. 21; 154 N. Y. 781; *Snowden* v. *Town of Somerset*, 171 N. Y. 99; *Turner* v. *City of New-*

*burgh,* 109 N. Y. 306.) Section 12 of chapter 115 of the Laws of 1898 as amended does not apply to the place where the accident happened. (*People* v. *Vandewater,* 176 N. Y. 500; *Scott* v. *Town of North Salem,* 138 App. Div. 25; *Catterson* v. *B. H. R. R. Co.,* 132 App. Div. 400; *Emmerick* v. *Hefferan,* 33 Hun, 54; 97 N. Y. 619; *Jones* v. *Gould,* 200 N. Y. 18; *Gottleib* v. *Altschuler,* 202 N. Y. 540; *Bryant* v. *Town of Randolph,* 133 N. Y. 70.)

WERNER, J. The plaintiff sustained physical injuries in being thrown from a carriage, and this, she alleges, was caused by the defective condition of one of the highways of the defendant town. The judgment in her favor, entered upon the verdict of the jury, has been unanimously affirmed by the Appellate Division, and our review must, therefore, be controlled by such exceptions as survive in these circumstances. The case is peculiar in several particulars which involve an examination of the complaint and of the charge to the jury.

The action was brought against the defendant town and the individual defendants, Ganung and Hoyt. As against the town the complaint is framed upon the theory that the highway commissioner was negligent in the discharge of his duty to keep the particular highway in a reasonably safe condition for public travel; and as against the individuals, Ganung and Hoyt, it is alleged that they held a contract from the state for the improvement of a certain highway and its approaches, in the performance of which they were negligent in constructing and grading the approach on which the accident occurred, and in failing to keep the same properly guarded by sufficient barriers. These separate allegations would not necessarily be inconsistent with each other in an action for damages brought against a town and its contractors jointly under a contract between them for the construction or improvement of a town highway. In such a case the action might be main-

tained against either one or both, according to circumstances. Here, however, we have an action founded upon a complaint which alleges that the work which resulted in the accident to the plaintiff was being done by the defendants Ganung and Hoyt, pursuant to a contract between them and the state, under statutes known as chapter 115, Laws of 1898, and subsequent amendments, which have since been incorporated into the Highway Law. These statutes and the contract (defts. ex. 1) disclose that the defendant town is not a party to the contract and has no legal relation to the improvement. The state projected the improvement, and employed contractors, to whom it alone is liable for the contract price; and the contractors or their bondsmen are liable to the state for any failure in the performance of the work, and for any negligence or default resulting in actionable injuries to third persons. During the progress of the work the highway and approaches covered by the contract were turned over to the contractors under the direction of the state engineer and surveyor, and thus the situation remained until the work was accepted by the state. The effect was necessarily to suspend during the progress of the work the duties and liabilities of the defendant town in the particular road and its approaches which were being built under the contract. Since neither the town nor its highway commissioner had any right to interfere with the manner of the work, or the order in which it was to be done, it follows that neither the town nor the commissioner can be held liable for negligence in which they had no part and which they could not have prevented. It matters not that there may be delay in the state's acceptance of such work, as there was for more than a year after the accident in the case at bar, or that a particular portion of road or approach may have been open to public travel during the progress of the work or after its completion and before acceptance. Section 12 of the act of 1898 (now section 134 of the Highway Law as

amended) provides, in effect, that the improved highway shall not be turned over to the supervision and control of the local authorities until after the state engineer has accepted the same and notified the board of supervisors that his duties in regard thereto have been finished. The town and its highway commissioner did, therefore, not resume their jurisdiction or reassume their liability as to the road and approaches which were being built or graded until after acceptance thereof by the state. That is the effect of the statute, and if it results in conditions which may create inconvenience or peril to wayfarers upon such highways the remedy must be sought in legislation, for the courts must give effect to the statutes as they stand.

In these circumstances the outcome of the trial was, to say the least, paradoxical. The motion, which was made at the opening of the case, to dismiss the complaint as to the defendant town was denied, and the motion, made at the close of the plaintiff's case, to dismiss the complaint as to the defendants Ganung and Hoyt was granted. The case proceeded to judgment against the town, which is clearly not liable, and there has been a nonsuit in favor of the individual defendants who by their contract have expressly assumed any legal liability to the state and to third persons that may have arisen in the progress of the work under their contract. As there is no appeal from the nonsuit in favor of the defendants Ganung and Hoyt, that phase of the case is not before us for review; but the motion to dismiss the complaint as against the defendant town, made upon the pleadings, and the exception to the trial court's ruling thereon, survive the unanimous affirmance. We think the complaint clearly discloses a state of facts which absolves the defendant town from liability and that the trial court's refusal to dismiss the complaint constitutes error for which the judgment should be reversed.

If it should be assumed, however, that the complaint failed to allege some facts which were established by the

evidence, the result must be the same. The case was submitted to the jury upon the assumption that the point in the Ridgefield road at which the accident occurred was embraced in one of the graded approaches to the state road described in the contract between the state and the defendants Ganung and Hoyt. And that is clearly the fact. It also appeared, however, that the work done by the contractors had not been accepted when the plaintiff met with her accident, and upon that point the counsel made several pertinent requests to charge which we think it was error to refuse. The exceptions to these refusals also survive the unanimous affirmance at the Appellate Division. The learned trial court was requested to charge "that if the contract for the construction of the road, including the approach where the accident occurred, had not been fully completed, and the road accepted by the proper State authorities having the power to do so, then the defendant, the Town of North Salem, is not liable for the accident alleged to have occurred," and also, "that if the State Road had not been accepted, the Town of North Salem and the Commissioner of Highways had no duty to perform as to its maintenance and care." Both of these requests should have been charged, and the exceptions taken to the refusals are fatal to this judgment.

The reasons for the apparent inconsistency between the decision of the Appellate Division in the case at bar, and the decision of the same court in *Scott* v. *Town of North Salem* (138 App. Div. 25), another case arising out of the same accident, will be found in the opinions of Mr. Justice CARR, who wrote for his court in both cases. In the *Scott* case the Appellate Division had before it simply the pleadings, and the complaint was there construed as describing an accident on the state road which was clearly under the control of the state and its contractors. In the case at bar the proof was considered as establishing that the accident occurred on the intersecting highway

known as the Ridgefield road, which the court deemed to be under the jurisdiction of the highway commissioner of the town. In that regard we differ from the learned Appellate Division, since we think the record clearly identifies the scene of the accident as a part of an approach which it was the duty of the contractors to grade and improve under their contract with the state. Until that work was accepted by the state, neither the town nor its highway commissioner were responsible for its condition.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Haight, Vann, Willard Bartlett and Chase, JJ., concur.

Judgment reversed, etc.