■ HARRY E. BALL, Individually and as Father and Natural Guardian of BRIAN BALL, Appellant, v COUNTY OF MONROE, Respondent. (And Four Other Actions.)—Order and judgment unanimously affirmed, without costs. Memorandum: Inasmuch as the State had assumed full control of the posting and maintenance of signs at the intersection in question, had required defendant county to remove its signs at that intersection,

and had erected its own signs thereat, the County of Monroe was relieved of any duty with respect to the erection and maintenance of signs at the intersection, and thus it had no responsibility for the alleged negligent signing at the intersection (see Vehicle and Traffic Law, § 1621, subd [a], par 1; § 1681, subd [a]; *Geraghty v State of New York,* 309 NY 188, 192-194; *Nuss v State of New York,* 301 NY 768, affg 195 Misc 38, 40; *Farrell v Town of North Salem,* 205 NY 453, 456; *Rotey v Van Ooyen,* 73 AD2d 804; *Malcuria v Town of Seneca,* 66 AD2d 421, 424). No other failure is charged against the county. The complaint contains no allegation that the County of Monroe negligently designed or maintained Colby Street. In any event, the county had no obligation to install "rumble strips", discussed on the examination before trial, because the State regulations did not authorize them (Vehicle and Traffic Law, § 1680, subd [c]; 17 NYCRR Parts 200, 201). (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.