■ LESLIE MAGLIANO, Respondent, v PATRICIA MERCKLING et al., Respondents, and TOWN OF BABYLON, Appellant. — In an action to recover damages

for personal injuries and injury to property, defendant Town of Babylon appeals from (1) an order of the Supreme Court, Suffolk County (Kelly, J.), dated October 27, 1982, denying its motion for summary judgment dismissing the complaint as against it and cross claims against it, and (2) an order of the same court dated January 19, 1983, denying its motion for reargument. Order dated October 27, 1982 affirmed, without costs or disbursements. Appeal from order dated January 19, 1983 dismissed, without costs or disbursements. No appeal lies from an order denying reargument (*Wright v General Motors Corp.*, 96 AD2d 510; *Klatz v Armor Elevator Co.*, 93 AD2d 633). In this action plaintiff alleged that injuries sustained by her in a collision with the defendant Merckling at a certain intersection in the Town of Babylon, were caused by a defective traffic signal at the said intersection and that the several named municipal corporations, including the Town of Babylon, were singly or jointly responsible for that defective signal. The defendant Town of Babylon moved for summary judgment on the ground that at the time of the occurrence, the traffic signal in question was being maintained under the exclusive jurisdiction of the defendant County of Suffolk and that the defendant town had no obligation nor right to make any repairs to it. It is now well settled that a municipality's duty to maintain its highways is nondelegable (*Lopes v Rostad,* 45 NY2d 617; *Sanchez v Lippincott,* 89 AD2d 372; *Smart v Wozniak,* 58 AD2d 993; Vehicle and Traffic Law, § 1682). While the defendant town argues that its responsibility was shifted exclusively to the defendant county (see *Ball v County of Monroe,* 79 AD2d 878, mot for lv to app den 52 NY2d 706) and while the defendant county may effectively assume complete responsibility for the intersection in question, such assumption requires compliance with the applicable statutory provision mandating a determination of necessity by the governing body of the town, consent to the erection and maintenance of such a traffic signal by the county, and written agreement "as to the extent of the authority and responsibility of the county superintendent of highways of Suffolk county" (Vehicle and Traffic Law, § 1652-b). Because the town has offered nothing to establish that those formal requirements of the statute were observed by the respective municipalities, Special Term's order of October 27, 1982 was proper and should be affirmed. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.