■ AMITY PLUMBING & HEATING SUPPLY CORP., Respondent, v ZITO PLUMBING & HEATING CORP. et al., Defendants, and LUCILLE ZITO, Appellant.

Preliminarily, it must be noted that the motion which the order appealed from determined was labeled as one "to reargue" a prior motion to vacate a default judgment entered against defendant Lucille Zito upon her default in appearing. In denying this motion, Special Term stated, *inter alia,* that the "motion to reargue is denied". Accordingly, plaintiff argues that the appeal must be dismissed since no appeal lies from an order denying reargument (*see, Magliano v Merckling,* 99 AD2d 825).

Appellant moved to vacate a judgment entered upon her default in appearing. By order dated November 4, 1982, Special Term ordered a traverse hearing to resolve appellant's claim that she was never served with process in the underlying action. The order of November 4, 1982, did not expressly deal with the remaining arguments raised by appellant in her motion to vacate the default judgment, i.e., that in the event it was found that she was served with process, vacatur of the default was warranted due to the fact that she possessed a justifiable excuse for the default and a meritorious defense. At the hearing appellant's counsel conceded that appellant had been properly served and withdrew the branch of her motion which was based on that claim. So far as the record shows no order was ever entered disposing of the remaining branches of appellant's motion. Consequently, the argument that the default judgment should be vacated because appellant's default was excusable and she had a meritorious defense was not ruled upon and the branch of her motion based on that argument remained "pending and undecided" at that time (*Katz v Katz,* 68 AD2d 536, 543). That argument was first decided by Special Term, adversely to appellant, in the order appealed from which discussed it at some length. Accordingly, we hold that it is appealable.

With respect to the merits of appellant's motion to vacate the default judgment entered against her, the record convincingly belies appellant's argument that her default was due to her total reliance on her husband's counsel and her husband's assurances that "all matters were being handled". The record, on the contrary, demonstrates that appellant was quite aware of the day-to-day progress of the lawsuit, and that she inexcusably failed to respond to the complaint. Moreover, the proposed affidavit of merit contains conclusory allegations regarding the alleged forgery of appellant's signatures on certain promissory notes.

Accordingly, Special Term was correct in holding that appellant had failed to establish both a justifiable excuse for her default and a meritorious defense. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.