■ STEVEN NEMIROFF et al., Respondents, v DONALD SCHILDHAUS et al., Appellants, et al., Defendant. [619 NYS2d 678] —In

an action to recover damages, *inter alia,* for breach of contract, the defendants Donald Schildhaus and Nadine Schildhaus appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 12, 1993, which, after a hearing on the issue of service, denied their motion to vacate a judgment entered upon their default in answering.

Ordered that the appeal by the defendant Nadine Schildhaus is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is modified by deleting the provision thereof which denied that branch of the motion of the defendant Donald Schildhaus which was to vacate so much of the judgment entered upon his default as fixed damages and substituting therefor a provision granting that branch of his motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages and entry of an appropriate amended judgment.

The appellant Donald Schildhaus moved to vacate a judgment entered upon his default in answering, claiming that he was never personally served *(see,* CPLR 317). He further maintains that he possesses both a reasonable excuse and a meritorious defense *(see,* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141). However, the record does not support his claims. First, after a hearing, the Supreme Court properly determined that the appellant had, indeed, been personally served with process. Thus, there exists no basis to vacate the default judgment pursuant to CPLR 317. Second, the appellant's excuse that he defaulted because he had relied upon an unnamed former attorney, without more, is insufficient to warrant vacatur pursuant to CPLR 5015 (a) *(see, Amity Plumbing & Heating Supply Corp. v Zito Plumbing & Heating Corp.,* 110 AD2d 863, 864).

We remit the matter to the Supreme Court, Nassau County, for an inquest on the issue of damages because the court failed to take any proof regarding the extent to which the plaintiffs were damaged *(see, Klishwick v Popovicki,* 186 AD2d 173, 174).

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.