■ SHARON MENZEL, Appellant, v COLUMBUS CONSTRUCTION CORP., Defendant, and VILLAGE OF DOBBS FERRY et al., Respondents. (And a Third-Party Action.) [813 NYS2d 520]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered April 14, 2004, as granted that branch of the motion of the defendants Village of Dobbs Ferry and Town of Greenburgh which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell on the uneven roadbed of Route 9, which was under construction. The defendants Village of Dobbs Ferry and Town of Greenburgh (hereinafter the respondents) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, asserting, inter alia, that Route 9 is a New York State-owned road and that they did not affirmatively create the dangerous condition.

The respondents sustained their initial burden of demonstrating entitlement to judgment as a matter of law by submitting evidence that the plaintiff's fall occurred on a state-owned road during construction. The respondents further established that the state contracted for the construction and they had no control over it. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the respondents assumed control of the road or affirmatively undertook a duty to maintain it. The

plaintiff testified at her examination before trial that at the time of her fall, the sidewalks had been removed and "there were no sidewalks . . . just the dirt path" which was blocked by a generator which forced her to walk in the road. However, the construction project included "concrete sidewalks and driveways." Therefore, during the period of construction, the state's control extended to the sidewalks adjacent to the road which were part of the construction project (*see* Highway Law § 46; *Farrell v Town of N. Salem,* 205 NY 453 [1912]; *Allen v Village of Holley,* 226 App Div 294 [1929]).

The plaintiff's remaining contentions are without merit or need not be addressed in light of our determination. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.