ANTONIO MASSA, Respondent, *v.* NIPPON YUSEN KAISHA,
Appellant.

(Argued April 18, 1934; decided May 22, 1934.)

*George J. Stacy* and *James J. Mahoney* for appellant.
Plaintiff alone used and controlled the block and fall
whose dropping he claims injured him. No defect in
them and no negligence on defendant's part were shown,
and *res ipsa loquitur* does not apply. (*Rosenstein* v.

*McCutcheon*, 155 App. Div. 278; *Morris* v. *Railway Co.*, 148 N. Y. 182; *Dobbins* v. *Brown*, 119 N. Y. 188; *Francey* v. *Rutland R. R. Co.*, 222 N. Y. 482; *Stasiukiewicz* v. *Marcus Contracting Co.*, 225 App. Div. 54; *Eaton* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 267; *Klein* v. *Fraser*, 169 App. Div. 812; *Anderson* v. *International Mercantile Marine Co.*, 238 App. Div. 509; *Haigh* v. *Edelmeyer & Morgan Hod Elevator Co.*, 123 App. Div. 376; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181; *Duhme* v. *Hamburg-American Packet Co.*, 184 N. Y. 404.)

*Jacquin Frank* and *David M. Fink* for respondent. The case was properly submitted to the jury upon the doctrine of *res ipsa loquitur*. (*Liverani* v. *Clark & Son*, 231 N. Y. 178; *Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *The Remus*, 17 Fed. Rep. [2d] 948; *Pleckaitis* v. *Ostervolze, Docking Co.*, 294 Fed. Rep. 834; *Alne* v. *Robinson*, 20 Fed. Rep. [2d] 337; *Fauntleroy* v. *Argonaut S. S. Line*, 27 Fed. Rep. [2d] 50; *Cott* v. *Erie R. R. Co.*, 231 N. Y. 67.)

POUND, Ch. J. Plaintiff was working, not for defendant, but for a stevedoring contractor in loading drums of oil on defendant's steamship. The stevedore's men had been working for three days when an accident happened. A part of the rigging used in loading the drums fell and struck plaintiff. No negligence on the part of defendant was shown. The hoist rigging was in the custody and control of the stevedoring company. The judge charged the jury: " the happening of the accident creates a presumption that the defendant did not have a safe appliance." In other words, the case was presented as being governed by the rule of *res ipsa loquitur*.

The first item of proof necessary to bring this rule into action is that the thing is shown to be under the management of the defendant. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297, 300.) That item is lacking here.

There is no presumption that the defendant was lacking in proper care in furnishing proper appliances when the accident might have happened through the carelessness of some member of the stevedore's gang. The burden of proving freedom from negligence was not cast on defendant merely because it furnished the rigging. The rigging might have been in good condition and the stevedore's workmen might have caused the accident by careless handling. The burden was not on the defendant to explain why the rigging fell. The rigging was not under the control of the defendant when the accident happened.

The judgments should ·be modified by granting a new trial, with costs to appellant to abide the event.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.