A. KENNETH HAFELE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28339.)

Court of Claims, January 14, 1948.

*Ronald J. Dunn* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Edward R. Murphy* of counsel), for defendant.

RYAN, J. At about 11:15 P.M. on September 25, 1945, plaintiff was lawfully driving his automobile in a westerly direction on and along Route 5S, a highway then maintained by the State of New York. It was raining hard. At a point about three miles east of Utica a section of the highway collapsed under claimant's automobile and dropped about four feet. Whereupon the front of the automobile struck that part of the road ahead of it which remained intact and in position. The automobile was damaged and claimant sustained personal injuries which required hospital care and medical attention. The part of the highway which collapsed spanned a stream known as Ferguson's Creek. The approach to this crossing was not elevated but was on the general plane of the road and, except for iron pipe guide railings on either side of the highway, there was nothing to indicate to the traveling public the existence of a bridge or culvert at the point of the accident.

Upon proof of the foregoing facts, plaintiff rested his case. The Attorney-General then proved that the highway crossed the creek on an I-beam bridge of 30-foot span and that this bridge was not built by the State of New York. He also proved that by order dated November 28, 1945, which was more than two months after claimant's accident, the State Superintendent of Public Works, acting pursuant to section 230 of the Highway

Law, took over the bridge for the purpose of repairing, altering or reconstructing it.

On this record must the defendant be held to respond to the plaintiff in damages? Plaintiff's attorney concedes that there was no notice to the State of New York, or its highway department, that the highway was defective or that the structure might collapse under the weight of a passing automobile. He invokes the doctrine of *res ipsa loquitur*. The Attorney-General replies that an essential element of that doctrine is that the exclusive control of the instrumentality responsible for the mischief must be in the hands of the person charged with liability. He says that the bridge was not built by the State and did not come under its control until November 28, 1945. He calls attention to that portion of section 230 of the Highway Law which reads (subd. 1): "After the condemnation or taking over by official order of any bridge or culvert located on the state system of highways, such bridge or culvert shall be deemed to be a part of the highway on which such bridge or culvert is located " and argues that this language implies that the bridge was not to be deemed a part of the highway prior to such taking over.

Furthermore, the Attorney-General cites *Douglas* v. *State of New York* (254 App. Div. 392, 394, 395). In that case the State had built improved highways to the termini of the railway bridge but the only improvement shown to have been made upon the bridge structure was to apply white paint to part of the guide rails. In this case the State had laid and maintained its concrete slabs directly upon the bridge span. Any traveler upon Route 5S on the night in question was entitled to find those slabs in place and sufficiently supported for his safe passage over them. The fact that the underlying structure was built by the county of Herkimer or by the town of Frankfort does not exculpate this defendant.

If the collapse of the highway was due to excessive rainfall, of which there is some intimation, or to other act of God or due to acts of the public enemy or to other causes beyond the control of the State of New York, an explanation of them was due from the Attorney-General. Plaintiff has proved sufficient facts to entitle him to recover. We award him $3,000 for personal injuries, $83.50 for hospital and medical expenses and $600 for damages to his automobile. Decision accordingly.