A. KENNETH HAFELE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 28339.) — Judgment reversed on the law, without costs of this appeal to either party, and claim dismissed, without costs. Conclusions of law disapproved and reversed and new finding and conclusions made. Memorandum: Claimant-respondent has had judgment against the State of New York based upon the principle of *res ipsa loquitur* as the result of the collapse of a section of a bridge spanning a creek. He was driving an automobile along a State highway which crossed the bridge. The end of the bridge farthest from

him fell downward a distance of about four feet and the front end of his automobile crashed against the side of the wall where the abutment had formerly supported the bridge, causing personal injuries and damage to his car. There was no proof of prior notice to the State of any defect or unsound support of the highway passing over the bridge. Nor was there proof that the highway, as it passed over the bridge, was a part of the State highway because of separation from the bridge structure by an earth fill as provided in subdivision 4 of section 2 of the Highway Law. The bridge was not built by the State of New York and was not part of the highway since it was thirty feet more or less in width. (Highway Law, § 2, subd. 4.) Under the provisions of the Highway Law, the State of New York had no control over the bridge, and no control or management of it exclusive or otherwise which would make the rule of *res ipsa loquitur* applicable. (*Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108; *Massa* v. *Nippon Yusen Kaisha,* 264 N. Y. 283; *Sandler* v. *Garrison,* 249 N. Y. 236.) All concur, except Larkin, J., who dissents and votes for affirmance. (The judgment awards claimant damages for personal injuries and for property damage to claimant's automobile alleged to have been caused by the negligent condition of the highway.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ. [191 Misc. 257.]