VIOLET R. MEIL, Appellant, *v.* SYRACUSE CONSTRUCTORS, INC., et al., Respondents.

MARY F. MALONEY, Appellant, *v.* SYRACUSE CONSTRUCTORS, INC., et al., Respondents.

PETER KINANE, as Administrator of the Estate of JEREMIAH J. KINANE, Deceased, Appellant, *v.* SYRACUSE CONSTRUCTORS, INC., et al., Respondents.

JAMES HAYES, Appellant, *v.* SYRACUSE CONSTRUCTORS, INC., et al., Respondents.

Fourth Department, May 23, 1963.

*Shaffer & Leverton (John E. Shaffer* of counsel), for Violet R. Meil and another, appellants.

*Langan, Kinney & Langan (John P. Kinney* of counsel), for Peter Kinane and another, appellants.

*Oot, Greene, Setright & Moore (Victor Hershdorfer* of counsel), for Syracuse Constructors, Inc., respondent.

*Julian W. Edgcomb, County Attorney (Eli Gingold* of counsel), for County of Onondaga, respondent.

*Per Curiam.* The Trial Justice dismissed these negligence actions as to both defendants at the conclusion of all of the testimony thus deciding that the plaintiffs had failed to make out a cause of action against either defendant as a matter of law.

It is therefore necessary to consider the facts which the jury might have found in favor of plaintiffs, giving plaintiffs not only the benefit of these facts but also of all reasonable inferences which could properly have been drawn therefrom. We shall relate only the facts as they were beneficial to plaintiffs.

On a dark, rainy night the plaintiffs were in an automobile traveling north on a county highway in the County of Onondaga. As the automobile approached a curve in the road it skidded on a wet, slippery patch of mud on the paved portion of the highway, failed to make the curve and continued straight ahead into an excavation made by the defendant Syracuse Constructors, Inc. The excavation was immediately adjacent to the highway right of way and about 15 feet from the paved portion.

The plaintiffs' automobile was going about 30 to 35 miles an hour in an unposted speed zone. Just as it came to the curve and the patch of mud, the driver was blinded by the lights of an oncoming car. He lost control and left the highway because of the mud on the pavement. The excavation was not marked or otherwise protected by lights or barricades. The County of Onondaga posted no signs warning of this dangerous condition. The only warning that Syracuse Constructors, Inc. gave was a "construction ahead" sign posted 400 feet south of the excavation. If lights or warnings had been present, the driver might have been able to avoid the excavation.

The patch of mud on the highway was about 20 to 25 feet square. From its appearance and dimensions it could have been there for some time. Although it was claimed that no dirt was taken from the excavation onto the road, it was conceded by Syracuse Constructors, Inc. that its service truck drove in and out of the excavation area frequently. The land in the construction area was very wet and muddy. The shoulder was muddy and rutted. It would be permissible for a jury to infer that the mud was tracked onto the road as a result of the operations of Syracuse Constructors, Inc. The accident happened on an early Sunday morning. Syracuse Constructors, Inc. last worked on the excavation the preceding Friday afternoon. If the mud was on the highway as a result of its activities it could be held liable therefor. Syracuse Constructors, Inc. admitted that there was no provision made for removing from the highway mud or debris caused by its operations. The time element was sufficient to give defendant County of Onondaga constructive notice and a reasonable opportunity to correct the dangerous condition.

Under these facts, as we must view them, there was a potential and foreseeable danger to users of the highway. A municipality

is under an obligation to maintain its highways in a reasonably safe condition. Where a condition on or adjacent to the highway renders it unsafe for persons using it in the exercise of reasonable care, it is incumbent upon the municipality to take whatever action is reasonably required for the protection of travelers on the highway. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.) This the county failed to do.

It is well established that an unguarded excavation in sufficiently close proximity to the highway that a traveler could by accident fall into it constitutes a danger to users of the highway. (*Beck* v. *Carter*, 68 N. Y. 283. Cf. *Murphy* v. *City of Brooklyn*, 118 N. Y. 575; *Bennett* v. *City of Mount Vernon*, 243 App. Div. 119. See, also, *Downes* v. *Silva*, 57 R. I. 343; Ann. 62 A. L. R. 2d 1052, 1060.) As was said in Prosser, Law of Torts (2d ed., 1955, pp. 428–429) : "A large number of cases have involved danger to the adjacent highway. The public right of passage carries with it an obligation upon the occupiers of abutting land to use reasonable care to see that the passage is safe. . . . The obligation extends also to any conditions, such as an excavation next to the street, which are dangerous to those who use it. The status of a user of the highway has been extended to those who stray a few feet from it inadvertently or in an emergency, or even intentionally for some casual purpose arising out of travel, such as stopping in a doorway to tie a shoelace."

The Restatement of the Law of Torts is directly in point (§ 368 [1934]) :

"A possessor of land who creates or maintains thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact therewith while traveling with reasonable care upon the highway, is subject to liability for bodily harm thereby caused to them.

"d. In determining whether the condition is one which creates an unreasonable risk of bodily harm to persons lawfully traveling the highway, the determining factor is whether it is so placed that travelers may come in contact with it while carefully traveling the highway, as by being forced off the road by other traffic, by skidding upon a slippery surface or by a mis-step while walking upon a highway. It is, therefore, impossible to state any precise distance at which a condition ceases to involve unreasonable risk.

"*Illustrations*:

"1. A digs a ditch immediately adjacent to a highway which his land abuts at a point where cars, though carefully driven,

are likely to skid. B's carefully driven car skids off the highway and into the ditch. A is liable to B." (Restatement, Torts, § 368, *Comment,* pp. 998–999 [1934].)

The present case is vastly different factually from *Kinne* v. *State of New York* (8 A D 2d 903) and *Ellis* v. *State of New York* (16 A D 2d 727).

We conclude, therefore, that under the facts as they must be viewed by us, the jury could have found that a cause of action was shown against both defendants. The judgments and orders should be reversed and a new trial granted.

WILLIAMS, P. J., GOLDMAN and HALPERN, JJ., concur; McCLUSKY and HENRY, JJ., dissent and vote to affirm as to Syracuse Constructors, Inc. and otherwise concur, in the following memorandum: We dissent as to defendant Syracuse Constructors, Inc. and vote to affirm the judgments and orders, insofar as they dismissed plaintiffs' complaints against such defendant. We find no evidence from which an inference could fairly and reasonably be drawn that defendant Syracuse Constructors, Inc. caused mud to be on the pavement, nor do we find evidence of any act or omission on its part which contributed to the accident.

Judgments and orders reversed on the law and a new trial granted, with costs to the appellants to abide the event.