■ DANIEL R. WOODCOCK, as Administrator of the Estate of VIOLA M. WOODCOCK, Deceased, Respondent, v COUNTY OF NIAGARA, Appellant, and ROGER WOODCOCK, Respondent.—Order unanimously affirmed, with costs. Memorandum: Respondent's decedent died as a result of an accident while she was riding as a passenger on the rear of a motorcycle operated by her husband. The administrator of her estate brought suit against her husband and the appellant, County of Niagara. Appellant moved for summary judgment dismissing respondent's complaint against it and alleged that the sole proximate cause of this accident was the negligent conduct of decedent's husband in the operation of his motorcycle. Special Term denied the appellant county's motion for summary judgment. We agree. Respondent's complaint alleges, among other things, that the County of Niagara maintained said highway in a dangerous and deteriorated condition; did not provide an adequate shoulder for said highway and permitted said shoulder to become extremely deteriorated as a result of lack of maintenance; left said highway in an extremely dangerous and unsafe condition as the result of improper maintenance and construction; permitted such condition to exist for a long period of time prior to the accident; failed to provide adequate road signs indicating a dangerous curve and unsafe condition; permitted a dangerous and unsafe condition to exist without proper maintenance, which constituted a menace to travelers and created a condition causing a severe drop-off from the paved portion to the road, making it most difficult and impossible for an operator of a vehicle to return to the paved portion of the road after negotiating a dangerous curve. A county may be liable for injuries caused by defective, out of repair, unsafe or dangerous highways existing by reason of the negligence of the county (Highway Law, § 139; *Meil v Syracuse Constructors,* 19 AD2d 10). Appellant county is charged with the duty of warning, guiding and regulating traffic, as it deems necessary, by placing and maintaining traffic control devices conforming to the State manual and specifications (Vehicle and Traffic Law, § 1682). Respondent's affidavit submitted in opposition to the motion for summary judgment avers that there was no warning sign provided on the county road construction project and the photographic exhibits tend to confirm this. On this state of the record we believe that there are issues of fact with respect to appellant's negligence constituting a proximate cause of the accident which warrant the denial of appellant's motion to dismiss respondent-decedent's complaint against it. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.