■ ELIZABETH ROTEY, as Executor of ROSEMARY R. DOWNEY, Deceased, Respondent, v ERIC J. VAN OOYEN et al., Respondents, and COUNTY OF WAYNE, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff's intestate died on August 24, 1977, as a result of an automobile accident at the intersection of Palmer Road and Hogback Hill Road in the Town of Palmyra, County of

Wayne. The decedent was traveling westerly on Hogback Hill Road, a through thoroughfare, and defendant Van Ooyen was proceeding northerly on Palmer Road, controlled by a yield sign. Both roads are town highways. Plaintiff alleges that defendant County of Wayne was negligent in permitting the intersection to be governed by a yield sign instead of a stop sign. Defendant county moved for summary judgment, denying any duty to place traffic control signs on town highways. Special Term erred in denying the motion. Subdivision 1 of section 102 of the Highway Law gives to the county superintendent of highways general charge and supervision of constructing, improving, repairing and maintaining all county roads and town highways in a county. Section 139 of the Highway Law makes the county liable for injury or damages for negligently permitting a road or highway over which it has charge to fall into a state of disrepair or to become unsafe, dangerous or obstructed. Neither section refers to traffic control signs. By contrast, the Vehicle and Traffic Law provides the statutory authority for the control of traffic and placement of signs. Section 1651 of the Vehicle and Traffic Law permits the county superintendent of highways to place traffic control signs on county roads, intersections of county roads, and intersections of town roads with county roads. Section 1660 of the Vehicle and Traffic Law permits the town board to designate county roads and town highways as through highways and order traffic control signs erected on these roads and highways at specified entrances and intersections. Nothing in these sections gives a county the right, much less the obligation, to control traffic and place signs on any town road uninvolved with a county highway. Section 1652-a of the Vehicle and Traffic Law authorizes the county superintendent of highways to install traffic signs and provide traffic engineering services in relation to any highway, road or street within a city, town or village within such county (except State highways) "providing the governing body of the city, town or village consents thereto by written agreement with the county governing board". The record fails to disclose any consent to such grant of authority to the County of Wayne. Neither the Highway Law nor the Vehicle and Traffic Law imposes any obligation upon the County of Wayne to erect traffic control signs on two intersecting town roads such as Palmer Road and Hogback Hill Road. Relief may not be granted which imposes upon a county a duty beyond that mandated by law (Malcuria v Town of Seneca, 66 AD2d 421). Plaintiff's reliance upon Woodcock v County of Niagara (52 AD2d 1087) and Tharrett v County of St. Lawrence (24 AD2d 700) is misplaced, since those were highway maintenance cases. Nor does defendant's participation in a Federally funded sign upgrading program rise to a level to impose a duty not fixed by law. (Appeal from order of Wayne Supreme Court—summary judgment.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.