OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The State has moved to dismiss the claim on the ground that the court does not have jurisdiction over the subjéct matter (CPLR 3211, subd [a], par 2) and on the ground that the claim fails to state a cause of action. (CPLR 3211, subd [a], par 7.) In the alternative, the State moves for summary judgment on the same grounds. (CPLR 3212.)
The subject claim seeks damages for personal injuries sustained by Constance A. Cox in an automobile accident allegedly caused by the State’s negligence. Her husband, James E. Cox, asserts a derivative claim for damages he sustained as a result of his wife’s injuries. The accident occurred on June 24, 1979, when a vehicle operated by Constance A. Cox was struck by another vehicle that ran a stop sign at the intersection of Duguid Road and Salt Springs Road in the Town of Manlius, New York.
Contemporaneous with the filing of this claim, actions were brought by the claimants in State Supreme Court *925 against the owner and operator of the other vehicle involved, as well as the Town of Manlius and County of Onondaga, owners of the respective highways.
The thrust of the State’s motion is that no viable claim exists, since the State did not have any right or obligation to control the intersection. (See Hafele v State of New York, 274 App Div 1022; Petzold v State of New York, 202 Misc 255; Drake v State of New York, 97 Misc 2d 1015, affd sub nom. Madigan v State of New York, 73 AD2d 1031, mot for lv to app den 49 NY2d 705.)
The claimants concede that the intersecting roads were not State highways. Notwithstanding, they contend that the State had a statutory duty to maintain the intersection and, in any event, the State assumed the duty by its affirmative conduct.
The claimants first rely on subdivision (b) of section 1681, and section 1622 of the Vehicle and Traffic Law as support for a statutory duty. The former section gives the State authority to place directional signs on town highways and county roads, but only with the consent of local authorities. This section has no application here, since there is no indication that the county and town ever gave their consent for the placement of such signs. (See Rotey v Van Ooyen, 73 AD2d 804.)
Section 1622 of the Vehicle and Traffic Law gives the State authority to establish maximum speed limits on town highways and county roads, when requested by local authorities. This statute, however, does not delegate to the State the obligation of maintaining the intersection. This is explicitly reserved to the local authorities; (Vehicle and Traffic Law, §§ 1651, 1652-a, 1660, 1682; Highway Law, §§102, 140.)
Claimants also rely on section 10 of the Highway Law and subdivision (a) of section 402 of title 23 of the United States Code. Section 10 of the Highway Law generally requires, inter alia, that the Commissioner of Transportation undertake various advisory and regulatory functions related to the maintenance of a safe highway system in the State. The Federal statute mandates the creation of a Federally approved highway safety program. Such statutes *926 were enacted for the benefit of the general public and were not designed to protect any particular individuals against an invasion of a property or personal interest. The Legislature did not intend that these laws be interpreted so as to impose liability on the State, absent the existence of some special duty. (See Sanchez v Village of Liberty, 42 NY2d 876; Riss v City of New York, 22 NY2d 579; Motyka v City of Amsterdam, 15 NY2d 134; Steitz v City of Beacon, 295 NY 51.)
The only argument advanced here for the existence of a special duty, is based on the State having undertaken to determine the necessity for a reduced speed limit. This was done pursuant to section 1622 of the Vehicle and Traffic Law. Such conduct, however, was not tantamount to an assumption of a legal duty to maintain the intersection. The State put no force into action that worked to actively cause the claimant’s injuries. At best, its conduct merely' withheld a benefit (reduced speed), which may or may not have prevented an injury caused by instrumentalities under the control of others (county road and town highway or other vehicle). It is axiomatic that an assumption of duty does not arise merely from the withholding of a benefit. (Moch Co. v Rensselaer Water Co., 247 NY 160; Restatement, Torts 2d, § 314.)
Under the circumstances, the State’s motion for summary judgment will be granted.
Upon the foregoing, it is ordered that the State’s motion for summary judgment is granted, and the clerk is hereby directed to enter judgment in favor of the State dismissing Claim No. 65497; and it is further ordered that the State’s motion is, in all other respects, denied as moot.