■ GEORGIANA S. POSMAN, Individually and as Administratrix of the Estate of GREGORY C. POSMAN, Deceased, Appellant, v TOWN OF LANSING, Respondent, et al., Defendant. — Appeal (1) from an order of the Supreme Court at Special Term (Swartwood, J.), entered April 15, 1981 in Tompkins County, which granted defendant Town of Lansing's motion for summary judgment, and (2) from the judgment entered thereon. On July 25, 1979, Gregory Posman was killed while operating his automobile at the intersection of New York State Route 34B and Lansingville Road, a county road. Defendant Town of Lansing (town) had in effect at that time a valid ordinance providing that no action could be maintained against it for damages caused by defective conditions of its highways unless it had received prior written notice of such defect (see *Stanton v Village of Waverly,* 29 NY2d 719; *Klimek v Town of Ghent,* 71 AD2d 359). No such prior written notice was given to the town. If, however, the municipality itself creates the dangerous defect or condition, prior written notice is not required (*Siddon v Fishman Co.,* 65 AD2d 832, 833, mot for lv to app den 46 NY2d 714; *Muszynski v City of Buffalo,* 33 AD2d 648, affd 29 NY2d 810). Plaintiff has made no evidentiary showing of affirmative conduct by the town creating a dangerous condition. Plaintiff relies on her complaint, which alleges that the intersection where the accident occurred was dangerous because it was improperly designed, constructed, maintained, and controlled. Since the accident occurred at the intersection of a State highway and a county road, the town had no responsibility for or control over the road's design, construction, or maintenance. The town's involvement with the roads was limited to contracts with defendant County of Tompkins to plow Lansingville Road in the winter and to cut grass on the shoulder of the road in the summer. Since Gregory Posman's accident occurred in July, a dangerous condition created by snowplowing clearly was not involved. Nor has plaintiff produced any evidence concerning a dangerous condition created by grass cutting. Conclusory allegations are insufficient to defeat a motion for summary judgment; some evidentiary facts must be put forward (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255). Since there is no showing that the town created a dangerous condition, prior written notice to the town was required. Accordingly, Special Term properly granted summary judgment. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.