■ LINDA J. MILLER, Individually and as Administratrix of the Estate of NORMAN W. MILLER, Deceased, Respondent, v ROBERT TUCHOLS, Respondent and Third-Party Plaintiff-Respondent. TOWN OF ARCADE et al., Third-Party Defendants-Appellants. — Order unanimously reversed, with costs, third-party defendants' motion granted and third-party complaint dismissed. Memorandum: Plaintiff Miller seeks to recover damages for the wrongful death of her intestate as the result of an automobile accident occurring at the intersection of Route 98, a State highway running generally north and south, and Genesee Road, a town road running generally east and west in the Town of Arcade, Wyoming County. Immediately before the collision, plaintiff's intestate was proceeding easterly on Genesee Road approaching Route 98 and defendant Tuchols was operating a vehicle southerly on Route 98. There was no stop sign controlling eastbound traffic on Genesee Road at the time although such a sign had been posted on the east side of Route 98 controlling traffic proceeding westerly on Genesee Road. Defendant impleaded third-party defendants Town of Arcade and Wyoming County, alleging first that they failed in their duty to control eastbound traffic on Genesee Road as it entered the intersection. After discovery, in which the town highway superintendent testified that he had notified the State on one occasion that the stop sign was down, the court permitted third-party plaintiff to amend his pleadings to allege also that third-party defendants failed in a duty to request proper signing of the intersection by the State. Third-party defendants thereafter renewed their motion for summary judgment and it was denied. The general duty of State and local authorities to maintain highways in a "reasonably safe condition" is well established (*Lopes v Rostad,* 45 NY2d 617, 623; see *Atkinson v County of Oneida,* 77 AD2d 257, 259-260, and cases cited therein), and this duty includes providing adequate warning of dangerous conditions on the highway (*Hicks v State of New York,* 4 NY2d 1; *McDevitt v State of New York,* 1 NY2d 540, 544; *Atkinson v County of Oneida, supra; Woodcock v County of Niagara,* 52 AD2d 1087). The question on this appeal is who had the duty to sign Genesee Road on the east side of this intersection. The jurisdiction of various municipal bodies over the highways within their boundaries is spelled out in section 1651 of the Vehicle and Traffic Law which extends county

authority to county roads and intersecting town roads outside of cities and villages and by section 1660 which, in defining the town's power, specifically excludes State highways from town regulation. The other side of the coin is that section 1621 (subd [a], par 1) and subdivision (a) of section 1681 of the Vehicle and Traffic Law grant to the State Department of Transportation jurisdiction over all State highways, the intersection of any highway with a State highway and any highway intersecting a State highway for a distance not exceeding 100 feet from the State highway. Nothing contained in section 1682 grants local authorities the right, or imposes upon them the duty, to regulate traffic on State highways or roads intersecting State highways. That section deals only with the power of local authorities to regulate highways within their own respective jurisdictions. The provisions of the Vehicle and Traffic Law control and establish that no general duty rested on third-party defendants to sign Genesee Road at this intersection, any apparently conflicting provisions of the Highway Law notwithstanding (see *Rotey v Van Ooyen,* 73 AD2d 804). We also disagree with Special Term that there was a question of fact as to the town's efforts to request "proper signing" of the intersection based upon section 1684 of the statute. This section imposes no duty to warn or request signing and since there is no proof that the State consented to local regulation, there is no evidence of a duty assumed by the local authorities which they have violated. The only evidence on the point was the town highway superintendent's testimony that he notified the State of the situation at the intersection and no duty, not otherwise imposed by law, may arise from that conduct (see *Rotey v Van Ooyen, supra; Malcuria v Town of Seneca,* 66 AD2d 421, 424; *Cox v State of New York,* 110 Misc 2d 924, 925-926). (Appeal from order of Supreme Court, Wyoming County, Doyle, J. — dismiss third-party complaint.) Present — Simons, J. P., Hancock, Jr., Doerr, Boomer and Schnepp, JJ.