■ GEORGIANA S. POSMAN, Individually and as Administratrix of the Estate of GREGORY C. POSMAN, Deceased, Respondent, v STATE OF NEW YORK, Appellant.—Kane, J. Appeal from a judgment in favor of claimant, entered January 28, 1985, upon a decision of the Court of Claims (Lowery, Jr., J.).

On July 25, 1979, Gregory C. Posman (hereinafter decedent) drove Hamilton Allport to a store on Lansingville Road in the Town of Lansing, Tompkins County. Decedent had never previously driven on Lansingville Road. After leaving the store, decedent and Allport drove west on Lansingville Road. At the time, the road surface was wet from an afternoon rainstorm. Approximately 250 feet before Lansingville Road intersected with State Route 34B, decedent allegedly reduced the speed of his vehicle to 30 miles per hour and began pumping his brakes. The vehicle's wheels locked and the car skidded into the Route 34B intersection and was struck by a vehicle proceeding north on Route 34B. Decedent's death later that evening was caused by the injuries he sustained in the accident (see, Posman v Town of Lansing, 87 AD2d 667).

Lansingville Road is a two-lane county highway with a 55 mile-per-hour speed limit. It intersects with Route 34B at a 53-degree angle. At the time of the accident, the only sign on Lansingville Road warning of the intersection was a 30-inch stop sign. Lansingville Road crests twice before intersecting with Route 34B, once 601 feet before the intersection and again 103 feet before the intersection.

Claimant, decedent's mother, commenced this action against the State for the injuries and wrongful death of her son. At the trial, Allport testified that decedent had been traveling at approximately 45 miles per hour on Lansingville Road and slowed to 30 miles per hour approximately 250 feet before the stop sign at the Route 34B intersection. At that point, decedent applied his brakes and the car skidded into the intersection, where it was struck.

Tompkins County Deputy Sheriff John Payne, who investigated the accident, described the condition of Lansingville Road. In addition, Payne testified that he had investigated another fatality at the intersection, which occurred approximately one month before this accident, in which Patricia Giordano's car had skidded through the intersection when the road was wet. Frederick Grout, the Department of Transportation's resident engineer for Tompkins County, testified that he

inspected the intersection the day after the Giordano accident. At that time, he requested that an investigation of the intersection be undertaken.

Richard Engle, a civil engineer for the Department, testified that he was assigned to investigate the intersection. He obtained a computer printout of the accident history of the intersection and copies of the accident reports. He had possession of the documents and had reviewed them before decedent's accident. The computer printout revealed that seven accidents had occurred at the intersection from January 1976 through August 1978. Engle opined that this indicated a high accident rate for the intersection. The day after decedent's accident, Engle visited the intersection. He estimated that Lansingville Road, approaching the intersection, was smooth and would become slippery when wet. As a result, he recommended that this section of Lansingville Road be repaved. He also stated that perception of the intersection was deficient.

James Meenen and Donald Harner both testified about accidents they were involved in at the intersection in 1977. Both accidents occurred when the road was wet and involved a car skidding through the intersection at Lansingville Road and Route 34B. Both testified that there was a problem with perceiving the intersection. Claimant's expert, a professional engineer, testified that, in his opinion, the intersection was hazardous.

The State presented testimony which revealed that the stop sign on Lansingville Road could be seen 1,200 feet before the intersection and that the intersection was apparent to the average driver approximately 500 feet up Lansingville Road. In addition, Raymond T. McDougall, an engineer for the Department, testified that the intersection was not on the priority investigation location list or the priority investigation intersection list, which are lists compiled by the Department to identify locations that have a higher than average accident rate.

The Court of Claims decided that the State was negligent in failing to modify its traffic safety plan for the intersection in light of the accident history and in failing to correct the hazardous condition that existed on the Lansingville Road approach to the intersection prior to decedent's accident. Claimant was awarded $25,000 for the injuries decedent sustained and $154,991.26 for decedent's wrongful death. This appeal ensued.

The State initially contends that Lansingville Road is a

county road and, as such, the State had no duty to maintain it or warn of any existing dangers on it. The State's argument ignores the duty imposed on it by Vehicle and Traffic Law § 1621 (a) (1) and § 1681 (a), which have been found to grant the State "jurisdiction over all State highways, the intersection of any highway with a State highway and any highway intersecting a State highway for a distance not exceeding 100 feet from the State highway" *(Miller v Tuchols,* 90 AD2d 957, 958). Moreover, the evidence indicates that, although the State did not own Lansingville Road, it controlled the portion of it that is the subject of this case. Two Department employees testified that the State had the authority to erect signs on Lansingville Road and, subsequent to decedent's accident, the State re-signed the road. Further, shortly after decedent's accident, the State resurfaced 300 feet of Lansingville Road approaching the intersection with high friction pavement.*

The State takes issue with the introduction of evidence showing postaccident changes it made on Lansingville Road. While such evidence cannot be used to prove negligence, it was relevant to prove the issue of control and, accordingly, was admissible for that purpose (Richardson, Evidence § 168, at 136-137 [Prince 10th ed]).

The State's contention that it had no notice of the alleged hazardous condition on Lansingville Road is belied by the record. As indicated above, numerous accidents occurred at the subject intersection prior to decedent's accident. A number of these accidents involved wet road conditions and the Giordano accident prompted an investigation of the intersection by the State.

Contrary to the State's argument, the evidence amply demonstrated that the State's original plan of placing only one 30-inch stop sign at the Lansingville Road-Route 34B intersection had proven inadequate in light of the accident history and the changing surface conditions of Lansingville Road *(see, Sanford v State of New York,* 94 AD2d 857). Additionally, the record reveals that claimant met her burden of proving that the State's negligence was the proximate cause of the accident. The judgment should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.

■ In the Matter of HOWARD BANNER, Respondent, v MAR-

---

* The State did the actual repaving while the county hauled the necessary material.