■ PAMELA PORTER, Individually and as Natural Parent of HEATHER PORTER, an Infant, Respondent, v JOHN CALLAHAN, Defendant, and COUNTY OF SCHENECTADY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 12, 1986 in Schenectady County, which denied defendant County of Schenectady's motion for summary judgment dismissing the complaint against it.

The issue before us is whether Supreme Court erred in denying defendant County of Schenectady's motion for summary judgment. Plaintiff is suing for damages sustained on January 3, 1985 by Heather Porter, her daughter, resulting from a one-car accident occurring on Route 159 in the Town of Duanesburg, Schenectady County. Defendant John Callahan was the driver of the vehicle in which Heather was a passenger. The car left the road, crashed through a fence and ended in Mariaville Lake. The complaint alleges, inter alia, that the infant sustained injuries attributable to the creation of a nuisance by the County and due to the County's negligence. After issue was joined, the County moved for summary judgment dismissing the complaint against it for failure to state a cause of action. Supreme Court denied the motion.

There must be a reversal. The basis of plaintiff's causes of action against the County, as amplified in the bill of particulars, is negligence and the creation of a nuisance by the County in the design, construction, repairing and maintenance

of the road and its appurtenances at or near the accident scene.

The County's motion is supported by an affidavit of Harry Mason, the Commissioner of the County's Department of Engineering Public Works. The affidavit alleges that the accident site is a road owned and controlled by the State. An appended contract existing between the County and the State acknowledges the State's ownership of the highway. The contract indicates that the County's responsibility is reserved to removal of snow and ice from the highway. Also appended to the affidavit is Local Laws, 1983, No. 1-83 of the County of Schenectady which requires prior notice of any defective condition of any highway as a condition precedent to any civil action brought against the County. The affidavit states that no notice has been filed in connection with snow or ice removal or any other defect concerning the accident site before the occurrence of the accident.

In opposition, plaintiff, by her counsel's affidavit, states broadly that no notice was required in the instant case because the allegations of negligence rise from the County's affirmative acts of defective design of certain roads and appurtenances, and these do not require prior notice. This statement is based on two maps which plaintiff's counsel states support the conclusion that Route 159 was formerly a County-operated highway and that it has not undergone any substantial change in the design or layout since it was in the County's hands. A review of the maps sheds no illumination on the inception of the road's design or the history of its ownership, prior or current.

The affidavit of plaintiff's counsel fails to raise evidentiary facts rebutting the defenses raised by the County of lack of notice of defect and lack of control of Route 159. Once these defenses were interposed, supported by documentary proof and the personal knowledge of the affiants, it was incumbent upon plaintiff to rebut those defenses by submission of evidentiary facts to indicate that an issue of fact remains for resolution by trial (see, Indig v Finkelstein, 23 NY2d 728). Bald, conclusory allegations, even if believable, are not enough to defeat summary judgment (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 342). Plaintiff presented no proof to put in question whether improper design and construction of Route 159 was attributable to the County, nor did plaintiff supply any proof, based on knowledge, that accumulation of snow and ice for an extended period of time was a cause of the infant's injuries. This position was first alluded to in the affidavit by plaintiff's

counsel in reply to the County's motion for summary judgment. Allegations of snow and ice accumulations are not found in either the complaint or plaintiff's bill of particulars.

Plaintiff's reliance on CPLR 3212 (f) is unavailing. Plaintiff's statement that facts may exist but cannot now be stated is belied by facts commonly within public knowledge. Documents relating to construction and design of roadways are public documents required to be held by the State. Likewise, information as to weather conditions and snow removal, relevant to the accident, are also public documents available to plaintiff. Plaintiff has thus failed to support any justification for a continuance pursuant to CPLR 3212 (f).

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendant County of Schenectady. Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., dissents and votes to affirm in a memorandum. Kane, J. P., (dissenting). On this motion for summary judgment, the movant is defendant County of Schenectady. The law imposes upon the moving party the burden to set forth a prima facie showing of entitlement to summary judgment, as a matter of law. This requires submission to the court of sufficient evidence to demonstrate the absence of any material issue of fact and the failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853).

Here, in response to the County's demand for particulars as to acts of negligence on its part, plaintiff alleged that such negligence on the part of the County consisted of "[n]egligently designing, constructing, repairing and/or maintaining certain roads, highways, culverts, shoulders, retaining walls, walls and chain link fences at or near the accident scene".

The moving papers seeking summary judgment allege, essentially, that the site of the accident is owned and controlled by the State of New York and that the only relationship the County has to the site is set forth in a "snow and ice" agreement, as attached to the moving papers. The County contends that by those attachments the State acknowledges its ownership of the highway at the accident site. Additionally, it is contended that no notice of any defective condition at the accident site was filed as required by a local County law.

Nowhwere in the moving papers does the County address the allegation of negligence in the initial design and construction of the highway at the accident site. The bare allegation of

ownership by the State does not address the question of the alleged negligence of the County in affirmatively creating the condition complained of, for which no notice of claim would be required *(see, Haviland v Smith,* 91 AD2d 764). Moreover, accepting the County's argument that the State took title to the highway from the County, there remains open the serious issue of the date of any such takeover, and the residual and proportional responsibility of the County resulting from its original design and construction of the highway *(see, Ball v County of Monroe,* 79 AD2d 878, *lv denied* 52 NY2d 706; *McCormick v State of New York,* 51 AD2d 28, 31, *affd* 44 NY2d 774). In sum, the County has not sustained its burden of demonstrating the absence of any material issue of fact *(see, Winegrad v New York Univ. Med. Center, supra).* I would therefore affirm the order appealed from.