■ RAY SMITH et al., Respondents, v CITY OF LOCKPORT, Appellant, et al., Defendant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Approximately six months prior to the accident resulting in plaintiff Ray Smith's injury, the State Department of Transportation reprogrammed traffic control devices at the intersection of West Avenue, West Genesee Street, West Avenue Extension and Prospect Street in the City of Lockport. Prior to the change, green arrows permitted eastbound traffic on West Avenue to turn left onto West Avenue Extension while oncoming westbound traffic along West Genesee Street was delayed by a red light. As a result of the change, the green arrows were eliminated and simultaneous red and green lights controlled eastbound and westbound traffic at the intersection.

Plaintiff was injured when his vehicle collided with an oncoming vehicle in the intersection as plaintiff was turning left from West Avenue onto West Avenue Extension. Plaintiffs brought suit in negligence against the City of Lockport and other defendants. The city moved for summary judgment on the ground that the State is solely responsible for the design and erection of traffic control devices at the intersection. In opposition to the motion, plaintiffs argued that a maintenance contract between the city and the State Department of Public

Works created a duty on the part of the city to notify the State of dangerous traffic conditions at the intersection after the reprogramming of the traffic control devices. Supreme Court concluded that the provisions of the maintenance contract raised triable issues of fact concerning the city's liability, and denied the motion. We reverse and grant summary judgment to the city.

The State has jurisdiction over regulation of traffic at the West Avenue and West Genesee Street intersection, two State highways, and the city has neither the right nor the duty to regulate such traffic (see, *Miller v Tuchols*, 90 AD2d 957). Nor does any such duty arise under the provisions of the contract between the city and the State Department of Public Works. The contract cannot be read, as argued by plaintiffs, to impose a duty upon the city to monitor the flow of traffic at the intersection and to notify the State that the intersection is abnormally dangerous. (Appeal from order of Supreme Court, Niagara County, Sedita, J.—summary judgment.) Present— Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.