■ MICHAEL HOUGH, an Infant, by JEANNETTE HOUGH, His Parent and Natural Guardian, et al., Respondents, v JAMES J. HICKS et al., Appellants. (And Two Third-Party Actions.) (Action No. 1.) TAMI LAURANGE, Individually and as Administratrix of the Estate of SHANE LAURANGE, Deceased, et al., Appellants, v JAMES J. HICKS et al., Defendants, and TOWN OF CLAVERACK et al., Respondents. (Action No. 2.) JANICE L. MURRAY, as Administratrix of the Estate of GARTH A. POOLE, II, Deceased, Respondent, v JAMES J. HICKS et al., Appellants, and KEY CAPITAL CORPORATION et al., Defendant and Third-Party Plaintiff-Appellant. TOWN OF CLAVERACK et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) (Action No. 3.)—Levine, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered May 30, 1989 in Columbia County, which granted the motions of the Town of Claverack and County of Columbia for summary judgment dismissing the complaint and third-party complaints against them, (2) from an order of said court, entered May 31, 1989 in

Columbia County, which severed action No. 2 from actions Nos. 1 and 3 and directed actions Nos. 1 and 3 to proceed to trial, and (3) from an order of said court, entered May 31, 1989 in Columbia County, which denied defendant Key Capital Corporation's motion to preclude the admission of evidence relating to seat belt usage at voir dire and at trial.

These appeals are from various pretrial orders in actions arising out of a tragic accident which occurred April 21, 1987 in the Town of Claverack, Columbia County, on State Route 9H at its junction with County Route 29 (hereinafter the County Road) and with a road of the town known as Stone Mill Road (hereinafter the Town Road). In the area of the accident, Route 9H ran generally in a north-south direction, curving easterly. The County Road and the Town Road merged into Route 9H from the west at opposing oblique angles, the three highways forming an extended "K" at the intersection. The accident occurred when Tami L. Laurange was operating a car leased by defendant Reginald F. Hough, Jr., from defendant Key Capital Corporation (hereinafter Key), which was then stopped in the northbound lane of the two lanes of Route 9H, preparatory to making a left turn onto the County Road. Hough was a passenger in the front seat and there were five children in the rear seat, none of whom were wearing seat belts. The car operated by Laurange was struck in the rear by a northbound tractor trailer operated by defendant James J. Hicks, owned by defendant James T. Collingwood, causing the Laurange car to flip over and come to rest in the southbound lane of Route 9H, which in turn caused four of the five children to be ejected from the car onto the highway. A truck operated by defendant Dale J. Bullis, owned by defendant Otego Fuel Services, Inc. (hereinafter Otego Fuel), traveling south on Route 9H, then struck the Laurange vehicle and three of the children on the roadway, killing two of them and severely injuring two other children.

Three actions were commenced. Action No. 1 was commenced on behalf of Michael Hough, one of the injured children, against Hicks, Collingwood, Bullis, Otego Fuel, Laurange, Reginald Hough and Key, and Key commenced a third-party action against the town and the county. Action No. 2 was commenced to recover for personal injuries sustained by Siarra Laurange and for the wrongful death of Shane Laurange, two other children who were passengers in the vehicle. Named as defendants were Hicks, Collingwood, Bullis, Otego Fuel, the town and the county. Action No. 3 was commenced to recover for the wrongful death of Garth Poole, another

child in the vehicle, against Hicks, Collingwood, Bullis, Otego Fuel, Laurange, Reginald Hough and Key. Third-party actions were commenced against the town and the county and Key cross-claimed against the various other defendants for indemnification or contribution. On motion by several defendants, all three actions were ordered to be jointly tried. Prior to trial, Key made a motion *in limine* for evidentiary preclusion of evidence or arguments relating to the failure to have put the injured children in seat belts. The motion was denied on the merits. After joinder of issue and pretrial discovery, the town and the county moved for summary judgment dismissing all of the complaints and third-party complaints against them, which motion was granted in all respects. Supreme Court also, *sua sponte,* ordered the severance of action No. 2 from actions Nos. 1 and 3. These appeals ensued.

The first issue to be addressed is whether Supreme Court properly granted summary judgment dismissing all claims against the county and the town. Each of the collisions and injuries to the various parties occurred on Route 9H, a State highway, and each of the vehicles involved was at all times situated on Route 9H as the chain of events developed and concluded. Under Vehicle and Traffic Law § 1621 (a) (1) and § 1681 (a), the State has " 'jurisdiction over all State highways, the intersection of any highway with a State highway and any highway intersecting a State highway for a distance not exceeding 100 feet from the State highway' " *(Posman v State of New York,* 117 AD2d 915, 917, quoting *Miller v Tuchols,* 90 AD2d 957, 958). Therefore, the evidence submitted in support of the motions of the county and the town for summary judgment presented a prima facie defense to any liability on their part for defects in maintenance or design of Route 9H and of its intersection with the county and town roads, as well as in any warning signs or traffic control devices or the absence thereof *(see, supra).* There was no evidence that, prior to the accident, either the town or the county undertook any maintenance or repair of Route 9H or of the intersection which would create an issue of fact as to their assumption of any duty over the roadways within the State's jurisdiction which was negligently performed *(cf., Nurek v Town of Vestal,* 115 AD2d 116, 117). That the town and the county consulted with State Department of Transportation officials several times before the accident on the State's suggestions for joint efforts to upgrade from a safety standpoint the configuration of the intersection, none of which was acted upon, does not establish any assumption of control *(see, Oss-*

*mer v Bates,* 97 AD2d 871, 872; *see also, Miller v Tuchols, supra,* at 958). There is, moreover, no evidentiary showing that failure of the county and the town to take any of the actions suggested by the State in preaccident conferences, involving portions of their roadways *outside* the State's jurisdiction, contributed as a proximate cause of the accident *(see, Nurek v Town of Vestal, supra,* at 117-118; *see also, Donato v County of Schenectady,* 156 AD2d 859). The fact that, after the accident, the town and the county joined with the State to improve the safety of the intersection, including assisting by obtaining permission of landowners adjoining Route 9H for State forces to improve the sight distance along that highway by clearing brush and other objects, does not give rise to any inference of preaccident assumption of any duty on their part. Therefore, Supreme Court was correct in granting summary judgment dismissing the claims against the county and the town.

We, however, disagree with Supreme Court's *sua sponte* severance of action No. 2 from actions Nos. 1 and 3, which it had previously joined for trial. Obviously, all three actions involve predominately common issues of law and fact. In our view, the concerns expressed by Supreme Court as to the potential prejudicial effect on various parties of a joint trial of all three actions have at least been partially obviated by the dismissal of all claims against the county and the town and by the subsequent settlement of the claims in action No. 1 of plaintiffs Michael Hough and Jeannette Hough against Laurange, Reginald Hough and Key. Any remaining concerns do not, in our view, outweigh the advantages of a joint trial of all actions in terms of promoting judicial economy, eliminating the risk of inconsistent verdicts and of possible exhaustion of insurance coverages by the first judgments obtained *(see, Shanley v Callanan Indus.,* 54 NY2d 52, 57; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509-510; *Import Alley v Mid-Island Shopping Plaza,* 103 AD2d 797, 798). Therefore, we should exercise our discretion and reverse the order of severance and direct that all actions be tried jointly.

Finally, Key's appeal from Supreme Court's order denying its motion *in limine,* to obtain an advance evidentiary ruling precluding the introduction of evidence of the failure of the injured children to have been put in seat belts, should be dismissed. No appeal lies from either the granting or denial of a motion for such a ruling *(Mauro v Village of Freeport,* 113

AD2d 876; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600, 601).

Order entered May 30, 1989 affirmed, without costs.

Order entered May 31, 1989 severing the trial of action No. 2 from the trial of actions Nos. 1 and 3 reversed, on the law and the facts, without costs.

Appeal by defendant Key Capital Corporation from order entered May 31, 1989 denying its motion *in limine* dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.