■ MILDRED H. MATTICE, Appellant, v TOWN OF WILTON et al., Respondents, and LINDA W. BARBER, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Simone, Jr., J.), entered January 6, 1989 in Saratoga County, which, *inter alia,* granted the motions of defendants Town of Wilton and County of Saratoga for summary judgment dismissing the complaint against them.

Plaintiff commenced this action for damages sustained in an automobile accident on July 16, 1985 at the intersection of Taylor Road and State Route 50 in the Town of Wilton, Saratoga County. At the time of the accident, plaintiff was traveling west on Taylor Road, a town road, and defendant Linda W. Barber was driving north on Route 50, a State highway. The intersection was controlled by a yield sign at the time of the accident.

Plaintiff's complaint alleges that Barber operated her vehicle negligently as she approached the signed intersection, and that both defendants Town of Wilton and County of Saratoga were negligent in designing, constructing, maintaining, supervising and signing the intersection. Both the town and county moved for summary judgment dismissing the complaint and cross claims against them on the ground that the State had the duty to sign and maintain the intersection of a State highway and a town road. Supreme Court granted the town's motion and the county's cross motion for summary judgment dismissing plaintiff's complaint against them and Barber's cross claims against the town. This appeal by plaintiff and Barber ensued.

We affirm. In *Hough v Hicks* (160 AD2d 1114, 1116), we recently reiterated that under the Vehicle and Traffic Law, "the State has ' "jurisdiction over all State highways, the intersection of any highway with a State highway and any highway intersecting a State highway for a distance not exceeding 100 feet from the State highway" ' " (quoting *Posman v State of New York,* 117 AD2d 915, 917,

quoting *Miller v Tuchols,* 90 AD2d 957, 958).* Thus, at this intersection of the town road and State highway, the burden of traffic control and highway maintenance was on the State and not upon the town or county. Accordingly, the town and county cannot be cast in liability for this accident.

Next, we find no merit in plaintiff's alternative contention that there is a question of fact as to whether the town or the county assumed an affirmative duty as to the maintenance of traffic-control devices at the intersection by their conduct. Such conduct is alleged to consist of the fact that both municipalities made postaccident requests of the State to perform an investigation and that the county took an active role in a project conducted during the 1970's entitled "Safer Roads Demonstration Program, Town Road Signing Project". Neither the postaccident requests for an investigation nor the county's participation in a Federally funded sign upgrading program is the type of conduct which would impose a duty not fixed by law *(see, Hough v Hicks, supra; Miller v Tuchols, supra; Rotey v Van Ooyen,* 73 AD2d 804, 805).

Finally, plaintiff's contention that a question of fact exists as to whether the town and county breached a duty of care by negligently maintaining that part of Taylor Road which is more than 100 feet away from the intersection of Route 50 is without merit and requires no discussion.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* As defined in Vehicle and Traffic Law § 118, a "highway" clearly includes a town road.