■ EILEEN MIMOUN et al., Respondents, v CHRISTOPHER A. BARTLETT et al., Respondents, and VILLAGE OF MATINECOCK, Appellant. (And Third- and Fourth-Party Actions.) [607 NYS2d 75] —In a negligence action to recover damages for personal injuries, the defendant Village of Matinecock appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated November 14, 1991, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and all cross claims insofar as asserted against the Village of Matinecock are dismissed, and the action against the remaining defendants is severed.

The plaintiffs sustained personal injuries on May 21, 1985, as the result of an automobile accident at the intersection of Piping Rock Road and Chicken Valley Road located within the boundaries of the defendant Village. In their complaint, the plaintiffs alleged, *inter alia,* that the Village negligently permitted the overgrowth of bushes and shrubbery which obscured motorists' views at the intersection in question. The Village moved for summary judgment alleging that it did not own or maintain the intersection in question. The Supreme Court denied the motion, finding that there was a triable issue

of fact as to whether the Village was responsible for the intersection. We disagree.

It is well established that once a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 334). Here, the Village showed, through the affidavit of the Village Street Commissioner and the deposition testimony of a road maintenance supervisor with the Nassau County Department of Public Works, that the intersection was owned and maintained by the County and that the Village did not otherwise perform any work at the intersection. The affirmations of the attorneys for the opposing parties failed to set forth any evidence sufficient to defeat the Village's entitlement to summary judgment. Accordingly, the Village's motion should have been granted. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.