■ Christopher J. Federoff, Plaintiff, v William Camper-

LENGO et al., Defendants and Third-Party Plaintiffs-Appellants. VILLAGE OF HASTINGS-ON-HUDSON et al., Third-Party Defendants-Respondents. [626 NYS2d 301] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nastasi, J.), entered June 11, 1993 in Westchester County, which granted motions by third-party defendants for summary judgment dismissing the third-party complaints.

Plaintiff commenced this personal injury action against defendants alleging negligence occurring as a result of an accident on June 6, 1991. Plaintiff was driving southbound on Saw Mill River Road in the Village of Hastings-on-Hudson, Westchester County, when, at the intersection of Saw Mill River Road and Farragut Avenue, he collided with a vehicle owned by defendant William Camperlengo and operated by defendant J. C. Camperlengo.

Defendants served third-party complaints on the Village and the County alleging, *inter alia,* negligent maintenance, operation and control of the aforementioned intersection. Third-party defendants each moved for summary judgment, which was granted by Supreme Court. Defendants appeal.

It is well settled that there is a common-law duty of a governmental body, whether it is the State, a county or other municipality, to maintain its roads in a reasonably safe condition, with liability to flow for injuries resulting from any breach thereof *(see, Lopes v Rostad,* 45 NY2d 617, 623; *Nurek v Town of Vestal,* 115 AD2d 116, 116-117). "This encompasses an obligation by the State or municipality to trim growth within the highway's right-of-way to assure visibility of stop signs and other traffic. However, to have such a duty, the municipality must own or control the highway" *(Nurek v Town of Vestal, supra,* at 117 [citations omitted]).

Contending that no duty exists to maintain the intersection at which the accident occurred, third-party defendants submitted a map and indenture, dated January 1978, showing that the County conveyed Saw Mill River Road to the State *(see,* Transportation Law § 70 [1], [2]). Noting that neither the Village nor the County conceded ownership of Farragut Avenue, third-party defendants further contended that the State has jurisdiction over the intersection of any highway with a State highway for a distance not exceeding 100 feet and, therefore, the burden of traffic control and highway maintenance extends to such area *(see,* Vehicle and Traffic Law § 1621 [a] [1]; § 1681 [a]; *Mattice v Town of Wilton,* 160 AD2d

1195, 1196; *Hough v Hicks,* 160 AD2d 1114, 1116, *lv denied* 77 NY2d 802). Accordingly, the State's statutory jurisdiction over such intersection superseded any statutory duty that either the Village or the County could have had over Farragut Avenue. Hence, in light of the aforementioned proof, we find that Supreme Court correctly concluded that third-party defendants established a lack of ownership.

Liability may, nonetheless, arise where a county or municipality assumes control of an intersection through repair or maintenance *(see, Hough v Hicks, supra,* at 1116; *Alberti v Rydill,* 152 AD2d 520, 523; *Nurek v Town of Vestal, supra,* at 117). Here, however, the submission by the Village of the affidavit of Marco Gennarelli, Superintendent of Public Works, established a lack of control and maintenance *(see, Mimoun v Bartlett,* 200 AD2d 721; *Porter v Callahan,* 125 AD2d 891, 892). Therein Gennarelli stated that except for one occasion subsequent to the accident, the Village has never cut back shrubs or brush at such intersection and does not maintain the land abutting such intersection. While defendants submitted photographs of Village employees pruning back excessive vegetation after the accident as indicated by Gennarelli, such acts do not give rise to an inference of preaccident assumption of any such duty *(see, Hough v Hicks, supra,* at 1117).

We further find that no civil action may be maintained against the Village unless written notice was first given to the Village Clerk *(see,* Village Law § 6-628). The unchallenged affidavit of the Village Clerk indicates that there was no prior written notice.

Defendants' further claim that additional discovery was necessary *(see,* CPLR 3212 [f]) is unavailing. Despite ample time and opportunity to conduct discovery, the record reflects that defendants served no discovery demands of their own. In light of the Village's submission establishing that it did not own Saw Mill River Road, maintain the intersection or receive notice of a dangerous condition, and that the lack of notice is a fact within public knowledge *(see, Porter v Callahan, supra),* we find that Supreme Court properly granted summary judgment to the Village *(see, Dabbs v City of Peeksville,* 178 AD2d 577, 578).

As to the County, we note that it neither availed itself of a similar notice provision nor submitted proof of the enactment of any local law precluding the institution of civil suits if there is a failure to give the required written notice *(see,*

Highway Law § 139 [2]). Although the County, like the Village, established a lack of ownership over Saw Mill River Road, we find that it wholly failed to submit any viable proof to establish that it did not exercise control over the intersection or assume responsibility for its maintenance (cf., Mimoun v Bartlett, 200 AD2d 721, supra; Alberti v Rydill, 152 AD2d 520, supra). Hence, we find that Supreme Court erred in granting the County's motion for summary judgment.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of third-party defendant Westchester County for summary judgment; said cross motion denied; and, as so modified, affirmed.